IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER EUGENE SIMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1404-HE |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondent(s). | ) | |

## REPORT AND RECOMMENDATION

On November 21, 2025, the United States District Court for the Northern District of Oklahoma filed documents from Petitioner consisting of two orders entered by the District Court of Cotton County, State of Oklahoma. (Doc. 1). That court opened the matter as a habeas action under 28 U.S.C. § 2254 and transferred the matter to this Court. (Doc. 2). Petitioner also submitted a letter to the Northern District of Oklahoma, which has been filed in this matter. (Doc. 6). United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 5). Based on Petitioner's failure to comply with the Court's order to cure deficiencies, the undersigned recommends that this case be **dismissed** without prejudice to re-filing.

I.   Discussion

After an initial review of Petitioner's filings, the undersigned advised Petitioner that he had neither paid the $5.00 filing fee nor filed an *in forma pauperis* motion (motion to

proceed without prepayment of fees or costs). (Doc. 7, at 1). Next, the undersigned advised that the initiating document is not on the proper form and does not supply the Court with equivalent information required by the form. (*Id.*) Further, the undersigned noted that Petitioner's initiating document was not properly signed by Petitioner. (*Id.* at 2). The undersigned ordered Petitioner to cure the deficiencies on or before December 16, 2025.[1] (*Id.*) The undersigned warned Petitioner that "[f]ailure to comply with this Order may result in the dismissal of this action." (*Id.*) To date, Petitioner has not cured the deficiencies.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if the petitioner "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Huggins v. Supreme Court of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (noting that Rule 41(b) has been "consistently interpreted . . . to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute") (internal quotation marks omitted); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal quotation marks omitted). And, if dismissal is without prejudice, the court may dismiss "without attention to any particular procedures." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236.

---

[1] The undersigned notes that the Order to Petitioner to Cure Deficiencies states that the deficiencies were to be cured on or before December 16, 2024. The incorrect year is a scrivener's error – Petitioner's initial filings were made in November 2025, and the order was entered on November 25, 2025. (Doc. 1; Doc. 7, at 2).

Petitioner's failure to comply with the Court's Orders leaves the Court unable "to achieve [an] orderly and expeditious disposition" of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the "inherent power" of a court to dismiss suits for lack of prosecution on its own initiative). As outlined above, the Court has already provided Petitioner sufficient notice of the possibility of dismissal for failure to cure. Accordingly, the undersigned recommends that the Court **dismiss this case without prejudice** for failure to cure the deficiencies.

## II.     Recommendation and Notice of Right to Object

For the reasons set forth above, the undersigned recommends that the Court **DISMISS** this case without prejudice to the re-filing.

**The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before January 12, 2026**, under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2). The undersigned also advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in this matter and terminates the referral.

**ENTERED** this 22nd day of December, 2025.

*Amanda L. Maxfield*
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE